JULIAN TREVINIO *v.* THE STATE.

THEFT—CONTINUANCE.—Appellant was indicted for theft of a "gelding," on 29th of June, 1875, arrested next day, and on the ensuing day he sued out an attachment for several absent witnesses, which was returned "not found;" and thereupon he applied for a continuance, alleging in his affidavit that he could not go safely to trial without the testimony of two of the said witnesses, by whom he expected to prove that the "horse" alleged to have been stolen was sold to accused by one of said witnesses, who had the owner's authority to sell the same; that the witnesses were not absent with the consent of accused, etc. *Held*, that the showing was sufficient; and it was error to refuse the continuance on technical grounds, or because the affidavit called the animal a "horse" instead of a "gelding," it being manifest that the affidavit uses the word in its ordinary, and not its statutory, significance.

APPEAL from the District Court of Live Oak. Tried below before the Hon. D. D. CLAIBORNE.

No brief for the appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

WINKLER, J. The appellant was indicted, tried, and convicted in the district court of Live Oak county for the theft of a certain black, paint gelding, alleged to be the property of Henry Martin. The indictment contains the usual formal averments. The date of the alleged theft is stated to be on the 10th day of March, 1875; the venue laid in Live Oak county. The sufficiency of the indictment has not been called in question, either in the district court or in this court.

The term of the court at which the accused was tried

appears, from the transcript before us, to have commenced on the 28th day of June, 1875. The indictment seems to have been filed June 29, 1875.

The *capias* for the arrest of the accused bears date June 29, 1875, and has this return indorsed: " Came to hand same day issued ; executed same day by arresting the within-named defendant, Julian Trevinio, and placing him in the county jail, and delivering to him, in person, a copy of the indictment, at the same time and place." Signed by the sheriff. June 30, 1875, an attachment was issued, in behalf of the accused, for certain witnesses in the case, to wit, Alejos Santos, Tomas Martinez, and Juan Villareal, which was returned, July 1, 1875, " not found in the county."

On the 1st day of July, 1875, the accused made an affidavit, in which he stated he could not go safely to trial for the want of the material testimony of Alejos Santos and Tomas Martinez, who, he stated, reside in La Salle county, and states the facts he expects to prove, as follows : " Defendant expects to prove by said witnesses that defendant purchased said horse of Alejos Santos, for which horse he is charged of theft, and that said Alejos Santos had authority to sell said horse."

The action of the court on the affidavit for continuance is shown by a bill of exceptions, taken by defendant and signed by the judge, which forms a part of the transcript, and which seems to have been filed July 2, 1875. The date of the trial seems not to be stated, but it is fair to presume that it occurred some time between the date of the affidavit for continuance and the date of filing the statement of facts. At any rate it is evident the defendant had but little time to prepare for his defense ; but, in the time allowed him, he appears to have done all the law required of him in the way of preparation for trial by causing an attachment to issue for his absent witnesses.

If we construe the word " horse," used in the affidavit

for continuance, according to the plain import of the language in which it is written, he must have used it as it is commonly used, in a generic sense, and not in the restrictive sense usually employed in a bill of indictment; and especially when he states it as the horse for the theft of which he is indicted. *Pigg* v. *The State*, 43 Texas, 108.

This was the first application for continuance, and made soon after his arrest. The ruling of the court was excepted to, and bill of exceptions taken at the time, and embraced in the motion for new trial. A new trial should have been granted. In this we are of opinion that the court erred, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*